RIVERO, DEMANDANTE Y APELANTE, *v.* SURÍS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre reivindicación y daños y perjuicios.

MOCIÓN de los apelados para que se desestime la apelación.

No. 1470.—Resuelto en abril 6, 1916.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE AUTOS—ENTREGA DE COPIA A LA PARTE APELADA.—De acuerdo con el último párrafo del artículo 299 del Código de Enjuiciamiento Civil, enmendado por Ley No. 70 de marzo 9, 1911,

cuyos preceptos son de carácter imperativo y no directivo, el apelante debe entregar al apelado copia de la transcripción de autos y si dejare de subsanar dicha omisión después de notificado y antes de la vista de la moción del apelado para que se desestime la apelación por tal motivo, deberá desestimarse el recurso.

ID.—TRANSCRIPCIÓN DE AUTOS—OCUPACIONES ABRUMADORAS DEL ABOGADO—PROMESA—ENTREGA DE LA COPIA ANTES DE LA VISTA—DISCRECIÓN JUDICIAL.— La alegación por parte del letrado del apelante de sus abrumadoras ocupaciones y su promesa de que haría entrega de una copia de la transcripción de autos constante de sólo ocho páginas al abogado del apelado dentro del plazo que le fijara la corte, después de ser notificado de una moción para que se desestimara la apelación precisamente por no haberse entregado a su debido tiempo dicha copia, no proporciona a la Corte Suprema base alguna para ejercitar justamente en su favor la discreción de que pueda estar investida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mercader.*

Abogado de los apelados: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 28 de marzo de 1916 la parte apelada archivó una moción solicitando la desestimación del recurso por no habérsele entregado copia de la transcripción de los autos. El 30 del mismo mes el apelante aceptó el hecho de la no entrega ocurrido según él debido a sus abrumadoras ocupaciones y manifestó que se encontraba dispuesto a suministrar dicha copia en el término que la corte estimara oportuno. La transcripción sólo contiene ocho páginas en maquinilla y fué archivada en la secretaría de esta Corte Suprema el 20 de marzo de 1916. La vista de la moción de desestimación se celebró el 3 de abril actual sin la comparecencia de las partes.

En el caso de *Cabassa* v. *Bravo,* 21 D. P. R. 185, esta corte sentó la siguiente jurisprudencia:

"De acuerdo con el último párrafo del artículo 299 del Código de Enjuiciamiento Civil, enmendado por la Ley No. 70 de marzo 9, 1911, cuyos preceptos son de carácter imperativo y no directivo, el apelante debe entregar al apelado copia de la transcripción de autos, y si se negare a subsanar dicha omisión después de notificado de una moción de desestimación de la apelación por ese motivo, deberá desestimarse el recurso."

En la opinión emitida en *Cabassa* v. *Bravo, supra,* se citan
cuatro casos en los cuales esta corte se negó a desestimar la
apelación por el motivo que invoca el apelado, mas si bien
ello fué así, se debió a que en tres de dichos casos el apelante
subsanó la omisión entregando copia de la transcripción a
la parte apelada antes de la vista de la moción de desestima-
ción, y en el último si bien el apelante no había entregado copia
a todos los abogados de los apelados, lo había hecho a uno
de ellos.

Tales circunstancias no concurren en el caso que esta-
mos considerando. No obstante lo terminante de la ley; a
pesar de lo claro de nuestra jurisprudencia sobre la materia,
el apelante, en vez de apresurarse a entregar la copia de una
transcripción, que sólo consta de ocho páginas, antes de que
se celebrara la vista de la moción de desestimación, se limita
a alegar sus abrumadoras ocupaciones y a prometer que
haría dicha entrega dentro del plazo que le fijara la corte.
La actitud del apelante no proporciona, pues, a esta corte base
alguna para ejercitar justamente en su favor la discreción
de que pueda estar investida.

Debe desestimarse el recurso.

> *Declarada con lugar la moción y desestimada
> la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.